IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAFTED APPAREL, LLC, an      3:15-cv-01493-BR
Oregon limited liability
company,      ORDER

        Plaintiff,

v.

POW, INC.,

        Defendant.

BROWN, Judge.

     This matter comes before the Court on Plaintiff's Motion (#12) for Default Judgment in which Plaintiff seeks $108,802.74 in damages on Plaintiff's claim for breach of contract (including pre-judgment interest), $2,100,000.00 in damages on Plaintiff's claim for anticipatory breach of contract, and costs in the amount of $696.80.

     Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment after an order of default has been entered by the Clerk of the Court. The court must consider

1 - ORDER

the following factors when determining whether to enter a default judgment:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). *See also Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 340 (9th Cir. 2015).

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Rubicon Global Ventures v. Chongquing Zongshen Group Import/Export Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015)(quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). "Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages." *Lasheen*, 625 F. App'x at 341. "The district court may determine the amount of damages without an evidentiary hearing where 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *Lasheen*, 625 F. App'x at 341 (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

2 - ORDER

The Clerk entered a default as to Defendant on January 6, 2016. The Court has considered each of the factors outlined in *Eitel* and concludes entry of a default judgment in favor of Plaintiff is appropriate and that the amount of damages owed is capable of mathematical calculation.

Nonetheless, the Court also concludes Plaintiff is not entitled to the full amount requested. In short, in 2013 Plaintiff sold to Defendant assets that Plaintiff owned in Holden Outerwear, an outdoor clothing company. In the Asset Purchase Agreement (APA) executed between Plaintiff and Defendant, the parties agreed Defendant would pay Plaintiff 5% of Defendant's annual net revenue from the sales of products relating to Holden up to an "amount not to exceed $2,200,000." Hansen Decl. (#13-1) Ex. A, at 10. Although the APA contemplated Defendant making payments to Plaintiff annually based on revenues from Holden, it also set minimum payments that Defendant was required to make to Plaintiff for the first three years of the agreement:

    a)    Fiscal Year Ending April 30, 2015 - $100,000.00

    b)    Fiscal Year Ending April 30, 2016 - $125,000.00

    c)    Fiscal Year Ending April 30, 2017 - $150,000.00

*Id.* After the fiscal year ending April 30, 2017, however, Defendant was not required to make any minimum payment to Plaintiff. Defendant, however, was still required to fulfill its obligation to pay 5% of annual Holden-related revenues until it

3 - ORDER

reached a total of $2.2 million paid.

Defendant did not make its minimum payment of $100,000.00 on April 30, 2015.  Shortly thereafter counsel for Defendant notified Plaintiff that Defendant had ceased all operations, terminated all employees, and only "remains as a shell company with significant liabilities and no capacity to pay them." Henderson Decl. (#14-1) Ex. A.  Moreover, Plaintiff has not submitted any evidence from which the Court could conclude Defendant will have any future revenues related to the sale of Holden products.  Plaintiff, therefore, has not established entitlement to any damages beyond the minimum payments that Defendant was required to make for fiscal years ending April 2015, 2016, and 2017 because any such payments were contingent on Defendant receiving revenue related to the sale of Holden products.

Moreover, Plaintiff did not submit any documentation supporting the $696.80 that it seeks in court costs.  The Court, therefore, cannot award those costs to Plaintiff at this time.

Accordingly, on this record the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion (#12) for Default Judgment. The Court concludes Plaintiff is entitled to a default judgment in the amount of $108,802.74 in damages on Plaintiff's claim for breach of contract (including pre-judgment interest) and $275,00.00 in damages related to Plaintiff's claim for

anticipatory breach of contract.  The Court also grants Plaintiff leave to file a separate Bill of Costs with supporting documentation **no later than May 16, 2016.**

IT IS SO ORDERED.

DATED this 26th day of April, 2016.

*Marco Hernandez*
MARCO A. HERNANDEZ for
ANNA J. BROWN
United States District Judge

5 - ORDER